Richard H. Greener (ISB No. 1191)
rgreener@greenerlaw.com
Slade D. Sokol (ISB No. 8684)
ssokol@greenerlaw.com
GREENER BURKE SHOEMAKER OBERRECHT P.A.
950 W. Bannock Street, Suite 950
Boise, Idaho 83702
Telephone (208) 319-2600
Facsimile (208) 319-2601

Attorneys for Defendants Universal Underwriters
  Service Corporation and Zurich American Insurance Company

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| EDMARK AUTO, INC. an Idaho corporation; CHALFANT CORP., an Idaho corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; and UNIVERSAL UNDERWRITERS SERVICE CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No.: 1:15-cv-00520-EJL<br><br>**ZURICH AMERICAN INSURANCE COMPANY'S AND UNIVERSAL UNDERWRITERS SERVICE CORPORATION'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL; AND COUNTER-CLAIM AGAINST EDMARK AUTO INC. AND CHALFANT CORP. AND DEMAND FOR JURY TRIAL PURSUANT TO FED.R.CIV.P. 38(b)** |

Defendants Zurich American Insurance Company and Universal Underwriters Service Corporation ("Defendants"), by and through their counsel of record, Greener Burke Shoemaker Oberrecht P.A., in answer to Plaintiffs' Second Amended Complaint and Demand for Jury Trial ("Complaint") filed by Plaintiffs Edmark Auto Inc. ("Edmark") and Chalfant Corp. ("Chalfant") (collectively referred to as "Plaintiffs") against Defendants in the above-captioned litigation, admit, deny, and affirmatively allege as follows:

ZURICH'S AND UNIVERSAL'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL; AND COUNTER-CLAIM AGAINST EDMARK AUTO, INC. AND CHALFANT CORP. AND DEMAND FOR JURY TRIAL – PAGE 1

19755-001 / 1023529.doc

## FIRST DEFENSE

Plaintiffs' Complaint, and each and every paragraph and allegation contained therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants deny each and every allegation in Plaintiffs' Complaint, unless specifically and expressly admitted hereinafter.

1. Defendants admit Paragraphs 2, 3, 4, 5, 10, 11, 12, 14, 15, 16, 21, 22 and 23, of Plaintiffs' Complaint.

2. Defendants state that they are without sufficient information and direct knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraphs 17, 18, 19, 25 of Plaintiffs' Complaint and, on that basis, deny the same.

3. As to the allegations contained in Paragraph 24 of Plaintiffs' Complaint, Defendants admit only that Universal and the Edmark/Chalfant Dealerships were each liable for the cost of the refunds paid to the consumers. As to the remaining allegations of Paragraph 24, Defendants deny each and every allegation contained therein.

4. As to the allegations contained in Paragraph 58 of Plaintiffs' Complaint, Defendants admit only that a letter dated April 21, 2015 stated "[s]ince the program's refund account is in a significant deficit position, no funds exist from which to make any distribution. Zurich fully reserves its right to pursue the deficit balance in the account." As to the remaining allegations of Paragraph 24, Defendants deny each and every allegation contained therein.

5. As to the allegations contained in Paragraph 60 of Plaintiffs' Complaint, Defendants incorporate their prior responses to the allegations contained in Paragraphs 1 through 59 as though fully set forth herein.

ZURICH'S AND UNIVERSAL'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL; AND COUNTER-CLAIM AGAINST EDMARK AUTO, INC. AND CHALFANT CORP. AND DEMAND FOR JURY TRIAL – PAGE 2

19755-001 / 1023529.doc

6. As to the allegations contained in Paragraph 65 of Plaintiffs' Complaint, Defendants incorporate their prior responses to the allegations contained in Paragraphs 1 through 64 as though fully set forth herein.

7. As to the allegations contained in Paragraph 71 of Plaintiffs' Complaint, Defendants incorporate their prior responses to the allegations contained in Paragraphs 1 through 70 as though fully set forth herein.

8. As to the allegations contained in Paragraph 92 of Plaintiffs' Complaint, Defendants incorporate their prior responses to the allegations contained in Paragraphs 1 through 91 as though fully set forth herein.

9. As to the allegations contained in Paragraph 112 of Plaintiffs' Complaint, Defendants incorporate their prior responses to the allegations contained in Paragraphs 1 through 111 as though fully set forth herein.

10. As to the allegations contained in Paragraph 116 of Plaintiffs' Complaint, Defendants incorporate their prior responses to the allegations contained in Paragraphs 1 through 115 as though fully set forth herein.

11. As to the allegations contained in Paragraph 122 of Plaintiffs' Complaint, Defendants incorporate their prior responses to the allegations contained in Paragraphs 1 through 121 as though fully set forth herein.

**THIRD DEFENSE**

Defendants have, at all relevant times, acted lawfully and in good faith.

**FOURTH DEFENSE**

Defendants have, at all relevant times, complied with their obligations under (1) the Vehicle Service Contract Dealer Agreement between Universal and Edmark, dated November 1,

1996 (the "Edmark Dealer Agreement"); (2) the Addendum to Vehicle Service Contract, Dealers Designated Refund Account Program, Dealer Agreement, dated November 1, 1996 (the "Addendum Agreement"), which Addendum Agreement was designated as program number 96981-58; (3) the Dealer Agreement between Universal and Chalfant, dated May 18, 2009 (the "Chalfant Dealer Agreement"); and, (4) the Addendum Agreement, as defined above, entered into by Universal and Chalfant and made effective March 1, 2010, and June 10, 2010.

### FIFTH DEFENSE

Plaintiffs' alleged damages are barred, or their recovery of damages reduced, in whole or in part, for failure to mitigate damages.

### SIXTH DEFENSE

Plaintiffs have failed to state with particularity all averments of fraud as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### SEVENTH DEFENSE

Plaintiffs' claims are barred under the doctrines of unclean hands, waiver and/or estoppel.

### EIGHTH DEFENSE

Any award Plaintiffs may be entitled to, is subject to an offset based upon the counterclaims made by Universal.

### NINTH DEFENSE

Plaintiffs' claims are barred as Plaintiffs have not suffered any damages and any other damages are speculative in nature, and therefore, are not recoverable under the law.

### TENTH DEFENSE

Plaintiffs' claims for breach of contract are barred for failure of consideration.

### ELEVENTH DEFENSE

Plaintiffs' claims for breach of contract are barred in that Plaintiffs materially breached the contract, excusing any later breach.

### TWELFTH DEFENSE

The claims alleged by Chalfant in this Complaint are subject to arbitration pursuant to Paragraph 17 of the Chalfant Dealer Agreement, and, therefore, Chalfant's filing of this lawsuit is in violation of the Chalfant Dealer Agreement, is in breach of that agreement, and has forced Defendants to file this Answer and Counter-Claim. Defendants further allege that they are entitled to arbitrate Chalfant's claims against Defendants and the Universal Counter-Claim against Chalfant.

### THIRTEENTH DEFENSE

Plaintiffs' had a right under the DDRA to monitor the DDRA and to make inquiry at any time to determine the status of the account, but, rather than doing so, Defendants ignored the account from the date of its inception and should be estopped to maintain the action.

### FOURTEENTH DEFENSE

Defendants have the right under Paragraph 7 of the Vehicle Service Contract Dealer Agreement to inspect and to audit Plaintiffs' financial and bank records.

### FIFTEENTH DEFENSE

Plaintiffs' claims for equitable relief are barred because Plaintiffs have adequate remedies at law.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred by the terms of the Parties' Agreements which obligated Plaintiffs to pay their share of VSC cancellation refunds and required Plaintiffs to pay for any

deficiencies in the DDRA. Plaintiffs have failed to pay their share of VSC cancellation refunds and have refused and/or failed to pay or reimburse Defendants for the deficiencies in the DDRA.

## SEVENTEENTH DEFENSE

Plaintiffs have been unjustly enriched by retaining the benefits of Defendants' payments of Plaintiffs' share of VSC cancellation refunds, or not reimbursing Defendants for those payments.

## RULE 11 STATEMENT

Defendants have considered and believe that they may have additional defenses, but do not have enough information at this time to assert such additional defenses under Rule 11 of the Federal Rules of Civil Procedure. Defendants do not intend to waive any such defenses and specifically asserts their intention to amend this Answer if, pending research and additional discovery, facts come to light giving rise to such additional defenses.

## ATTORNEY FEES AND COSTS

Defendants have been required to retain the services of the law firm Greener Burke Shoemaker Oberrecht P.A., and have incurred and will continue to incur attorney fees and costs in the defense of Plaintiffs' Complaint. Defendants are entitled to recover its attorney fees and costs pursuant to the Chalfant Dealer Agreement, Idaho Code §§ 12-120(3), 12-121, Rule 54 of the Federal Rules of Civil Procedure, and/or any other applicable statute, rule, or regulation.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants respectfully demand a trial by jury of any and all issues triable of right by a jury in Plaintiffs' Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Universal and Zurich pray for relief as follows:

1. That Plaintiffs' Complaint be dismissed and that Plaintiffs take nothing thereby;

2. That Universal and Zurich be awarded their reasonable attorney fees and costs incurred in the defense of Plaintiffs' Complaint pursuant to the Chalfant Dealer Agreement, Idaho Code §§ 12-120(3), 12-121, Rule 54 of the Federal Rules of Civil Procedure, and/or any other applicable statute, rule, or regulation; and

3. For such other and further relief as this Court deems just and proper.

## UNIVERSAL'S COUNTER-CLAIM AGAINST EDMARK AUTO, INC. AND CHALFANT CORP.

Defendant/Counter-Claimant Universal, by and through its counsel of record, Greener Burke Shoemaker Oberrecht P.A., and as a Counter-Claim against Defendants/Counter-Defendants Edmark and Chalfant, pleads and alleges as follows:

### I. PARTIES AND JURISDICTION

1. Universal is a corporation incorporated under the laws of the State of Missouri, with its principal place of business in Schaumburg, Illinois.

2. Edmark is a corporation organized and existing under the laws of the State of Idaho, with its principal office and place of business in Nampa, Idaho.

3. Chalfant is a corporation organized and existing under the laws of the State of Idaho, with its principal office and place of business in Boise, Idaho.

4. This Court has original jurisdiction over these proceedings and the parties pursuant to 28 U.S.C. § 1332 as diversity exists between Universal and Edmark/Chalfant and the amount in controversy exceeds $75,000.00 exclusive of costs, interest, and attorneys' fees.

5. Venue is proper in the District Court for the State of Idaho pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to Universal's Counter-Claim occurred in the State of Idaho.

## II. GENERAL ALLEGATIONS

6.  On or about November 1, 1996, Universal and Edmark entered into (1) the Vehicle Service Contract Dealer Agreement (the "Edmark Dealer Agreement"); and, (2) the Addendum to Vehicle Service Contract, Dealers Designated Refund Account Program, Dealer Agreement, dated November 1, 1996 (the "Addendum Agreement"), which Addendum Agreement was designated as program number 96981-58.

7.  On or about May 18, 2009, Universal and Chalfant (1) entered into the Dealer Agreement (the "Chalfant Dealer Agreement"); and, (2) made effective March 1, 2010, and June 10, 2010, Universal and Chalfant entered into the Addendum Agreement, as defined in Paragraph 6 above.

8.  The Addendum Agreement provided, among other things, the following:

Company and Dealer acknowledge that cancellations or other reductions in the purchase price of service contracts are an inevitable and certain aspect of doing business with the product and that Company is obligated to make such refunds under the provisions of each Approved Service Contract. However, under this Dealer Administration agreement, Dealer acknowledges that it is obligated to reimburse Company for a portion of such refunds made. Company and Dealer agree that dealer's portion of refunds shall be administered as follows:

(1) Company and Dealer agree that $80.00 per each Approved Service Contract hereinafter referred to as "Dealers Refund Payment", will be added to dealer's remit, and will be designated for the payment by Company, of Dealer's refund liability under Section (2b) of this agreement. Company and Dealer agree that the sum of such funds designated for this purpose will be known as "Dealer's Designated Refund Account."

It is the intent of the Company and Dealer that the total of all fees in Dealer's Designated Refund Account accurately reflect the amount of Dealer's future liabilities for refunds under Section (2b) of this program and are being transferred to Company specifically for this purpose.

(2) The obligations of Company and Dealer for refunds or other reduction of unearned purchase price of Approved Service Contracts under this Dealer Administration Agreement shall be as follows:

(a)  Dealer and Company agree that in the event of cancellation or other reduction in the purchase price of a Service Contract during the first 90 days of the term of the contract, to refund to contractholder or lienholder, if applicable, the unearned purchase price. Company shall return to Dealer, that portion of the refund of unearned purchase price calculated by multiplying the refund amount by: (1) the amount of the remit less any amount paid to Dealer, or any of its employees or assigned from such remit; divided by (2) the purchase price of the service contract. From the amount calculated above, the Company shall deduct where applicable any cancellation or service fee.

(b)  Dealer and Company agree that in the event of cancellation of Service Contracts after the first 90 days of the term of the contract, refunds shall be paid by Company. The portion of such refund to be deducted from "Dealer's Designated Refund Account" is as follows:

A portion of each refund of unearned purchase price shall be calculated by multiplying the refund amount by: (1) The amount of the remit less any amounts paid to dealer or any of its employees or assigned from such remit; divided by (2) the purchase price of the service contract. From the amount calculated above, Company shall deduct where applicable any cancellation or service fee.

The remaining portion of the refund due under this provision shall be subtracted from "Dealer's Designated Refund Account."

(c)  If the amount remaining in Dealer's Designated Refund Account is less than Dealers obligation as determined in Section 2(b), Company will charge and Dealer will be obligated to pay Company any deficiency. Company also has the authority to offset any deficiency to Company under Section 2(b), from any other amounts owed by Company to Dealer.

. . . .

(7)  The provisions of this addendum can be terminated by either Dealer or Company upon 10 days written notice to the other party for any reason, including, but not limited to, failure of Dealer to remit to Company funds representing at least ___ Approved Service Contracts per month under this program. In the event that Dealer's Administration agreement with Company or the provisions of this addendum are cancelled, any remaining fees in Dealer's Designated Refund Account shall be payable to Dealer after all service contracts sold by Dealer pursuant to the provisions of this addendum have expired. If terminated, Section 15 of Dealers Administrative Agreement with Company shall replace the provisions of this addendum, with the exception that Section 2(c) of this addendum will continue to apply.

9. On or about April 30, 2015, Universal lawfully terminated the Addendum Agreement pursuant to Section 7 thereof.

10. In or about September 2015, Universal notified Edmark and Chalfant that the Dealer's Designated Refund Account had a negative deficiency balance of $231,122.71. Pursuant to Section 2(c) of the Addendum Agreement, Universal demanded that Edmark and Chalfant remit payment to Universal in the amount of $231,122.71.

11. In June and July of 2016, Zurich and Universal paid on Plaintiffs' behalf Plaintiffs' half of VSC cancellation refunds in additional amounts totaling $24,012.31, increasing the total deficiency amounts due Universal under the Addendum Agreement to $255,135.02, or other amount according to proof at time of trial.

12. Edmark and Chalfant have failed to comply with their obligations under the Addendum Agreement and to otherwise pay Universal the amount of $255,135.02, to which Universal is entitled under Section 2(c) of the Addendum Agreement.

### III. COUNTER-CLAIM

#### COUNT I
#### (Breach of Contract)

13. Universal alleges and incorporates Paragraphs 1 through 12 above as if set forth herein in full.

14. Edmark and Chalfant are obligated to pay Universal $255,135.02 as set forth under the terms of the Addendum Agreement.

15. Edmark's and Chalfant's failure to pay Universal the amount to which it is entitled is a material breach of the Addendum Agreement.

16. As a direct and proximate result Edmark's and Chalfant's breach of contract, Universal has been damaged in the amount of $255,135.02, exclusive of prejudgment interest,

ZURICH'S AND UNIVERSAL'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL; AND COUNTER-CLAIM AGAINST EDMARK AUTO, INC. AND CHALFANT CORP. AND DEMAND FOR JURY TRIAL – PAGE 10

19755-001 / 1023529.doc

which interest Universal is also seeking to recover.

## COUNT II
### (Breach of the Covenant of Good Faith and Fair Dealing)

17. Universal alleges and incorporates Paragraphs 1 through 16 above as if set forth herein in full.

18. Edmark and Chalfant had duties of good faith and fair dealing pursuant to and inherent in the parties' Addendum Agreement to perform their obligations in good faith and in accord with the terms of the Addendum Agreement.

19. Edmark and Chalfant breached the covenant of good faith and fair dealing by failing to pay Universal the amount to which it is entitled under the terms of the Addendum Agreement, which terms were expressly agreed to by the parties.

20. As a result of the acts, omissions and occurrences alleged herein, Edmark and Chalfant violated and nullified the benefits provided to Universal under the Addendum Agreement.

21. As a result of the Edmark's and Chalfant's breach of the covenant of good faith and fair dealing, Universal has been damaged in the amount of $255,135.02, exclusive of prejudgment interest, which interest Universal is also seeking to recover.

## COUNT III
### (Unjust Enrichment)

22. Universal alleges and incorporates Paragraphs 1 through 21 above as if set forth herein in full.

23. As a result of cancellations or other reductions in the purchase price of Approved Service Contracts, Universal has refunded to contractholders or lienholders the amount of $255,135.02, and by so doing, Universal has conferred a benefit on Edmark and

ZURICH'S AND UNIVERSAL'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL; AND COUNTER-CLAIM AGAINST EDMARK AUTO, INC. AND CHALFANT CORP. AND DEMAND FOR JURY TRIAL – PAGE 11

19755-001 / 1023529.doc

Chalfant in the amount of $255,135.02 (the "Benefit").

24. Edmark and Chalfant are aware of and did accept the Benefit conferred by Universal.

25. Edmark and Chalfant have been unjustly enriched by accepting the Benefit conferred upon them by Universal and, under these circumstances, it would be unjust for Edmark and Chalfant to retain the Benefit without compensating Universal for the value of the Benefit.

26. Universal is entitled to recover the value of the Benefit it conferred upon and which was accepted by Edmark and Chalfant, the value of which Benefit is $255,135.02, exclusive of prejudgment interest, which interest Universal is also seeking to recover.

## COUNT IV
### (Accounting)

27. Universal alleges and incorporates Paragraphs 1 through 26 above as if set forth herein in full.

28. Under the terms and conditions of the Vehicle Service Contract Dealer Agreement ("VSC"), and specifically under Paragraph 7 thereof, Universal has the right to inspect and audit Plaintiffs' books and records relating to Plaintiffs' sales of vehicle service contracts.

29. Universal asserts its right under Paragraph 7 of the VSC and is entitled to inspect and audit Plaintiffs' books and records relating to vehicle service contracts sold by Plaintiffs during 1996 through May of 2015.

## ATTORNEY FEES AND COSTS

Universal has been required to retain the services of the law firm Greener Burke Shoemaker Oberrecht P.A., and has incurred and will continue to incur attorney fees and costs in

ZURICH'S AND UNIVERSAL'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL; AND COUNTER-CLAIM AGAINST EDMARK AUTO, INC. AND CHALFANT CORP. AND DEMAND FOR JURY TRIAL – PAGE 12

19755-001 / 1023529.doc

prosecuting Universal's Counter-Claim against Edmark and Chalfant. Universal is entitled to recover its attorney fees and costs pursuant to the Chalfant Dealer Agreement, Idaho Code §§ 12-120(3), 12-121, Rule 54 of the Federal Rules of Civil Procedure, and/or any other applicable statute, rule, or regulation.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Universal respectfully demands a trial by jury of any and all issues triable of right by a jury in Universal's Counter-Claim.

## PRAYER FOR RELIEF

**WHEREFORE**, Universal prays for relief as follows:

1. That judgment be entered in favor of Universal in the amount of $255,135.02, or such other amount proved at trial, on its Counter-Claim against Edmark and Chalfant.

2. That Universal be allowed to inspect and audit the books and records of Plaintiffs under Paragraph 7 of the Vehicle Service Contract Agreement relating to vehicle service contracts sold by Plaintiffs during 1996 through May of 2015;

3. That Universal be awarded its reasonable attorney fees and costs incurred in the prosecuting its Counter-Claim pursuant to the Chalfant Dealer Agreement, Idaho Code §§ 12-120(3), 12-121, Rule 54 of the Federal Rules of Civil Procedure, and/or any other applicable statute, rule, or regulation;

4. For pre-judgment interest pursuant to Idaho Code § 28-22-104; and

///

///

///

5.  For such other and further relief as this Court deems just and proper.

DATED this 20th day of March, 2018.

GREENER BURKE SHOEMAKER OBERRECHT P.A.

_____
Richard H. Greener; Christopher C. Burke
Slade D. Sokol
Attorneys for Defendants Universal Underwriters
   Service Corporation and Zurich American
   Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of March, 2018, I electronically filed the foregoing Zurich American Insurance Company's and **Universal Underwriters Service Corporation's Answer to Plaintiffs' Second Amended Complaint; and Counter-Claim against Edmark Auto Inc. and Chalfant Corp. and Demand for Jury Trial** with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Erik F. Stidham  
Kevin C. Braley  
Jennifer M. Jensen  
HOLLAND & HART LLP  
800 W. Main Street, Suite 1750  
P. O. Box 2527  
Boise, Idaho 83701-2527  
*Attorneys for Plaintiffs Edmark Auto, Inc. and Chalfant Corp.*

efstidham@hollandhart.com;  
kbraley@hollandhart.com;  
jmjensen@hollandhart.com

_____
Richard H. Greener; Christopher C. Burke;
Slade D. Sokol

ZURICH'S AND UNIVERSAL'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL; AND COUNTER-CLAIM AGAINST EDMARK AUTO, INC. AND CHALFANT CORP. AND DEMAND FOR JURY TRIAL – PAGE 14

19755-001 / 1023529.doc