Richard H. Greener (ISB No. 1191)
*rgreener@parsonsbehle.com*
Christopher C. Burke (ISB No. 2098)
*cburke@parsonsbehle.com*
Slade D. Sokol (ISB No. 8684)
*ssokol@ parsonsbehle.com*
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, Idaho 83702
Telephone (208) 562-4900
Facsimile  (208) 562-4901

John R. Lund (admitted pro hac vice)
*jlund@parsonsbehle.com*
PARSONS BEHLE & LATIMER
201 S. Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone (801) 532-1234
Facsimile (801) 536-6111

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| EDMARK AUTO, INC., an Idaho corporation; and CHALFANT CORP., an Idaho corporation,<br><br>                Plaintiffs,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; and UNIVERSAL UNDERWRITERS SERVICE CORPORATION, a Delaware corporation,<br><br>                Defendants.<br><br>AND RELATED CROSS-ACTION | Case No.:  1:15-cv-00520-EJL-CWD<br><br>**DEFENDANTS' SUPPLEMENTAL PROPOSED ALTERNATIVE JURY INSTRUCTION NOS. 47-48** |

///

///

Defendants Universal Underwriters Service Corporation ("Universal") and Zurich American Insurance Company ("ZAIC"), by and through their counsel of record, Parsons Behle & Latimer, hereby submit the following Defendants' Supplemental Proposed Alternative Jury Instruction Nos. 47 through 48 for consideration by this Court for trial set to begin on June 7, 2019.

DATED this 31st day of May, 2019.

PARSONS BEHLE & LATIMER

_/s/ Richard H. Greener_

Richard H. Greener; John R. Lund;
Christopher C. Burke; Slade D. Sokol
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of May, 2019, I electronically filed the foregoing **Defendants' Supplemental Proposed Alternative Jury Instruction Nos. 47 and 48** with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Erik F. Stidham
efstidham@hollandhart.com

A. Dean Bennett
adbennett@hollandhart.com

Jennifer M. Jensen
jmjensen@hollandhart.com

_/s/ Richard H. Greener_

Richard H. Greener; John R. Lund;
Christopher C. Burke; Slade D. Sokol

## DEFENDANTS' ALTERNATIVE JURY INSTRUCTION NO. 47

If you find for a Plaintiff on fraud or unjust enrichment, you may consider the remedy of disgorgement of profits. This remedy may only be awarded against a party that is a "conscious wrongdoer." Conscious wrongdoing requires more than simple negligence or an ordinary breach of contract. A "conscious wrongdoer" is a party that is enriched by its misconduct and who acts:

1. With knowledge of the underlying wrong to the Plaintiff; or

2. Despite a known risk that the conduct in question violates the rights of the Plaintiff.

If you find that a Defendant was a "conscious wrongdoer," you must also determine the amount of net profit, if any, that the Defendant received as a proximate cause of its conscious wrongdoing. Profit includes any form of use, value, proceeds or consequential gains that is identifiable and measurable and not unduly remote. Net profit is determined by deducting expenses and claim payments from the Defendant's gross revenue. Gross revenue is all of the money the Defendant received due to its conscious wrongdoing. The Plaintiff has the burden of proving by a preponderance of the evidence a reasonable approximation of the amount of the Defendant's net profit wrongfully gained as a result of conscious wrongdoing.

It is for you to determine what net profit of a Defendant, if any, has been proved.

Your award must be based upon evidence and not on speculation or guesswork.

RESTATEMENT OF LAW THIRD, Restitution and Unjust Enrichment, Section 51; Ninth Circuit Instruction 5.1 (modified)

## DEFENDANTS' ALTERNATIVE JURY INSTRUCTION NO. 48

Plaintiff is seeking an award of punitive damages against the corporate Defendant for the actions of the corporate Defendant's employees/agents. Punitive damages may only be awarded against a corporate Defendant for the actions of its employees/agents if you find that

1. The agent/employee was the Defendant's agent/employee; and

2. The directors or managing officers of the corporate Defendant participated in the actions of the agent/employee; or

3. The directors or managing officers of the corporate Defendant authorized the agent/employee's actions; or

4. The directors or managing officers of the corporate Defendant ratified the agent/employee's actions.

For purposes of this instruction, "ratification" takes place after the act has occurred, while "authorization" must occur before the action arises.

*Manning v. Twin Falls Clinic & Hosp., Inc.*, 122 Idaho 47 (1992); *Openshaw v. Oregon Auto. Ins. Co.*, 94 Idaho 335 (1971); RESTATEMENT (FIRST) OF TORTS § 909 (1939).