Richard H. Greener (ISB No. 1191)
*rgreener@parsonsbehle.com*
Christopher C. Burke (ISB No. 2098)
*cburke@parsonsbehle.com*
Slade D. Sokol (ISB No. 8684)
*ssokol@ parsonsbehle.com*
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, Idaho 83702
Telephone (208) 562-4900
Facsimile  (208) 562-4901

John R. Lund (admitted pro hac vice)
*jlund@parsonsbehle.com*
PARSONS BEHLE & LATIMER
201 S. Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone (801) 532-1234
Facsimile (801) 536-6111

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| EDMARK AUTO, INC., an Idaho corporation; and CHALFANT CORP., an Idaho corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; and UNIVERSAL UNDERWRITERS SERVICE CORPORATION, a Delaware corporation,<br><br>    Defendants.<br><br>AND RELATED CROSS-ACTION | Case No.:  1:15-cv-00520-EJL-CWD<br><br>**DEFENDANTS' MEMORANDUM RE: FIDUCIARY DUTY LAW** |

  Defendants Zurich American Insurance Company ("Zurich") and Universal Underwriters Service Corporation ("Universal") (collectively "Defendants"), by and through their counsel of

record, Parsons Behle & Latimer, hereby submit this Memorandum Re: Fiduciary Duty Law, as requested by the Court on June 12, 2019.

## I. <u>FIDUCIARY DUTY LAW</u>

"To establish a claim for breach of fiduciary duty, a plaintiff must establish that defendants owed plaintiff a fiduciary duty and that the fiduciary duty was breached." *Doe v. Boy Scouts of America*, 159 Idaho 103, 109 (D. Idaho 2015) (citing *Bushi v. Sage Health Care, PLLC*, 146 Idaho 764, 769 (2009)).

The first inquiry – "[w]hether a fiduciary relationship exits" – "is a question of law" for the Court to decide. *Mortensen v. First American Title Co., Inc*., No. 2:11-CV-0063-EJL, 2013 WL 1222566, at *4 (D. Idaho March 25, 2013) (citing *Beaudoin v. Davidson Trust Co*., 151 Idaho 701, 705 (2011)); *Skinner v. U.S. Bank Home Mort.*, 159 Idaho 642, 648 (2016). This is law even though "that inquiry is inherently factual and dependent upon the nature of the specific relationship in question." *Doe v. Presiding Bishop of Church of Jesus Christ of Latter-Day Saints*, 837 F. Supp. 2d 1145, 1155, n. 3 (D. Idaho 2011).

A fiduciary duty can arise where there is a relationship of trust and confidence, such as "when the parties are: members of the same family, partners, attorney and client, executor and beneficiary of an estate, principal and agent, insurer and insured, and close friends." *Mitchell v. Barendregt*, 120 Idaho 837, 844 (1991); *McGhee v. McGhee*, 82 Idaho 367, 371 (1960). "'Fiduciary relationships are commonly characterized by one party placing property in the hands of another,'" "or being authorized to act on behalf of the other." *High Valley Concrete, L.L.C. v. Sargent*, 149 Idaho 423, 429 (2010); *Country Cove Development, Inc. v. May*, 143 Idaho 595, 603 (2006). But this situation "commonly arise[s] when parties are dealing on unequal terms." *High Valley Concrete*, 149 Idaho at 429. In *High Valley*, the court stated:

> The term fiduciary implies that one party is in a superior position to the other and that such a position enables him to exercise influence over one who reposes special trust and confidence in him. . . . As a general rule, mere respect for another's judgment or trust in his character is usually not sufficient to establish such a relationship. The facts and circumstances must indicate that the one reposing the trust has foundation for his belief that the one giving advice or presenting arguments is acting not in his own behalf, but in the interests of the other party.

*High Valley Concrete*, 149 Idaho at 428; *Idaho First Nat. Bank v. Bliss Valley,* 121 Idaho 266, 278 (1991). However, a fiduciary relationship does not arise where the parties enter into an agreement at arm's length. *Wade Baker & Sons Farms v. Corp of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints,* 136 Idaho 922, 928 (2010); *Skinner*, 159 Idaho 642, 648 (2016) ("A fiduciary duty [can] be established 'from informal actions and agreements between the parties,'" but, in such circumstances, Idaho courts look "to the agreement itself to determine the scope of the assumed duties.").

With respect to the second element – "'whether a fiduciary has breached his [or her] duty'" – "'is a question of fact.'"  *ID 02, LLC v. Blewett*, No. 3:15-CV-00540-JLQ, 2017 WL 10752167, at *7 (D. Idaho Jan. 26, 2017) (quoting *Bushi*, 146 Idaho at 770).

DATED this 17th day of June, 2019.

PARSONS BEHLE & LATIMER

_____
Richard H. Greener; John R. Lund;
Christopher C. Burke; Slade D. Sokol
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of June, 2019, I electronically filed the foregoing **Defendants' Memorandum Re: Fiduciary Duty Law** with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Erik F. Stidham
efstidham@hollandhart.com

Kevin C. Braley
kbraley@hollandhart.com

Jennifer M. Jensen
jmjensen@hollandhart.com

                         Richard H. Greener; John R. Lund;
                         Christopher C. Burke; Slade D. Sokol