Erik F. Stidham, ISB No. 5483
A. Dean Bennett, ISB No. 7735
Jennifer M. Jensen, ISB No. 9275
HOLLAND & HART LLP
800 West Main Street, Suite 1750
P.O. Box 2527
Boise, Idaho 83701-2527
Telephone: (208) 342-5000
Facsimile: (208) 343-8869
E-mail:    efstidham@hollandhart.com
           adbennett@hollandhart.com
           jmjensen@hollandhart.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| EDMARK AUTO, INC., an Idaho corporation; CHALFANT CORP., an Idaho corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; and UNIVERSAL UNDERWRITERS SERVICE CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No.  1:15-CV-00520-BLW<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS** |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

# TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................... 1

II. PROCEDURAL HISTORY ........................................................................ 1

    A. Universal Removed Case and Unsuccessfully Sought to Compel Arbitration. ........................................................................................ 2

    B. Discovery Was Intensive Due To The Nature Of The Case And Defendants' Conduct. ........................................................................ 2

    C. There Was Significant Motion Practice. ............................................ 4

    D. Trial Had To Be Reset More Than Once. .......................................... 5

    E. Out-Of-Court Resolution Was Attempted At Various Points In The Case. ..................................................................................................... 5

    F. Plaintiffs Prevailed. ............................................................................ 5

III. PLAINTIFFS ARE ENTITLED TO RECOVER THEIR REASONABLE ATTORNEYS' FEES. ................................................................................. 6

    A. Two Independent Statutory Bases Entitle Plaintiffs To An Award Of Reasonable Fees: Idaho Code §§ 12-120(3) and 48-608. .................. 6

    B. Plaintiffs' Claims Fall Within Both Statutes. .................................... 7

        1. This Action Arises From A Commercial Transaction Under Idaho Code § 12-120(3). ........................................................................ 7

        2. Plaintiffs Brought Claims Under Idaho Code § 48-608. ............... 9

    C. Plaintiffs Are The Prevailing Parties Under Both Statutes. ............. 9

    D. As Prevailing Parties, Plaintiffs Are Entitled To Fees From The Entire Civil Action. ...................................................................................... 10

IV. PLAINTIFFS' REQUESTED ATTORNEYS' FEES ARE REASONABLE. ......................................................................................... 11

    A. Time Spent Was Reasonable. ............................................................ 12

    B. The Hourly Rates Are Reasonable. ................................................... 13

**C. The Reasonableness Of The Requested Fees Is Further Supported By Voluntary Discounts To Fees And The Fee Request.** ....................................... 14

**V. CONCLUSION** ..................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### <u>Cases</u>

*Animal Legal Def. Fund v. Otter*,
　No. 14-cv-00104-BLW, 2016 WL 2910266 (D. Idaho May 18, 2016)..................................12

*Assocs. Nw., Inc. v. Beets*,
　733 P.2d 824 (Idaho Ct. App. 1987)..................................................................................11

*Bright Harvest Sweet Potato Co., Inc. v. H.J. Heinz Co., L.P.*,
　No. 1:13-cv-00296-BLW, 2017 WL 1042063 (D. Idaho Mar. 17, 2017) ..................11, 12, 13

*Brooks* v. *Gigray Ranches*,
　910 P.2d 744 (Idaho 1996) ..................................................................................................8

*Burns* v. *Cnty. of Boundary*,
　818 P.2d 327 (Idaho Ct. App. 1990)..................................................................................10

*Clement v. Franklin Inv. Grp., Ltd.*,
　689 F. Supp. 1575 (D. Idaho 1988) ("The Idaho Supreme Court has made it
　clear that Idaho Code § 12-120 is mandatory in nature.")........................................................7

*Constr., Inc. v. Martel Constr., Inc.*,
　923 P.2d 995 (Idaho Ct. App. 1996)..................................................................................10

*Erickson* v. *Flynn*,
　64 P.3d 959 (Idaho Ct. App. 2002)..................................................................................7, 8

*Fritts* v. *Liddle & Moeller Constr., Inc.*,
　158 P.3d 947 (Idaho 2007) ..................................................................................................8

*Great Plains Equip., Inc.* v. *Nw. Pipeline Corp.*,
　36 P.3d 218 (Idaho 2001) ....................................................................................................7

*Hardenbrook v. United Parcel Service Co.*,
　Case No. 1:07-CV-00509-EJL-CWD, 2014 WL 524048 (D. Idaho Feb. 7,
　2014) ..................................................................................................................................14

*Hounshel v. Battelle Energy All., LLC*,
　No. 4:11-CV-00635-BLW, 2014 WL 4182680 (D. Idaho Aug. 21, 2014) ............................12

*Huntsinger v. Idaho State Univ.*,
　No. 14-CV-00237-BLW, 2016 WL 355473 (D. Idaho Jan. 28, 2016) ..................................14

*In re Haun*,
　396 B.R. 522 (D. Idaho 2008)..............................................................................................8

*Ingram v. Oroudijian*,
   647 F.3d 925 (9th Cir. 2011) ..................................................13

*Interform Co. v. Mitchell*,
   575 F.2d 1270 (9th Cir. 1978) ..................................................7

*Kayser v. McClary*,
   875 F. Supp. 2d 1167 (D. Idaho 2012) ....................................11, 12, 13

*Lakeview Cheese Co., LLC v. Nelson-Ricks Creamery Co.*,
   No. 4:13-cv-00361-BLW, 2015 WL 769960 (D. Idaho Feb. 23, 2015) ..................14

*LaPeter v. Canada Life Ins. Co.*,
   No. CV06-121-S-BLW, 2007 WL 4287489 (D. Idaho Dec. 4, 2007).....................14

*LaPeter v. Canada Life Ins. Co.*,
   No. CV06-121-S-BLW, 2009 WL 1313336 (D. Idaho May 11, 2009)....................13

*Lettunich* v. *Key Bank Nat'l Ass'n*,
   109 P.3d 1104 (Idaho 2005) ..................................................8

*Moreno v. City of Sacramento*,
   534 F.3d 1106 (9th Cir. 2008) ..................................................12

*Nalen v. Jenkins*,
   741 P.2d 366 (Idaho Ct. App. 1987) ..........................................10

*Prehn v. Hodge*,
   385 P.3d 876 (Idaho 2016) ..................................................8

*Record Steel & Constr., Inc. v. Martel Constr., Inc.*,
   *923 P.2d 995, 1000 (Idaho Ct. App. 1996).* ..................................11

*Saint Alphonsus Diversified Care, Inc. v. MRI Assocs., LLP*,
   224 P.3d 1068 (Idaho 2009) ..................................................10

*Sparks v. Allstate Med. Equip., Inc.*,
   No. 1:14-cv-00166-EJL-CWD, 2016 WL 11398120 (D. Idaho Aug. 11, 2016)...............12, 14

*Troupis* v. *Summer*,
   218 P.3d 1138 (Idaho 2009) ..................................................10

*Velasco v. Broadway Arctic Circle, LLC*,
   2012 WL 5921167 (D. Idaho Nov. 26, 2012)..................................11, 12

*Wheaton Equip. Co. v. Franmar, Inc.*,
   No. CV-03-220-S-BLW, 2007 WL 576450 (D. Idaho Feb. 21, 2007)...................7, 9

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS - iv**

*Winn v. Amerititle, Inc.*,
    No. 1:10-cv-016-BLW, 2010 WL 4904676 (D. Idaho Nov. 24, 2010) ...........................11, 14

## S<small>TATUTES</small>

Idaho Code § 12-120(3) ................................................................................................. passim

Idaho Code § 48-608.......................................................................................................9, 10

Idaho Code § 48-608(5) (Idaho Consumer Protection Act) .................................7, 9, 10

Idaho Consumer Protection Act.....................................................................................6, 10

## O<small>THER</small> A<small>UTHORITIES</small>

F.R.C.P. 50(a) .......................................................................................................................6

F.R.C.P. 30(b)(6) ..............................................................................................................2, 3

## I.    INTRODUCTION

This Motion for Attorneys' Fees ("Motion")[1] reflects the history of a hard-fought, complex case filed almost four years ago.  The dispute arises from a nineteen-year business relationship between Plaintiffs and Defendants, involving more than dozens of contracts, breaches of fiduciary duty running for years, ongoing fraudulent misrepresentation and omission, and unfair business practices.

Edmark and Chalfant are the prevailing parties in this case, entitled to reasonable attorneys' fees and costs under Idaho Code §§ 48-608, 12-120(3), F.R.C.P. 54, and Dist. Local R. 54.2.  At trial, the jury found for Edmark and Chalfant on every claim and awarded punitive damages, totaling $6,500,000.00 for Edmark and $4,500,000.00 for Chalfant.

Plaintiffs now seek their reasonable, necessary, and actually incurred attorneys' fees in the amount of $1,999,771.50.  They do not even seek all the attorneys' fees they have paid out of pocket during the course of this litigation but have voluntarily discounted the amount they request.  The amount is reasonable and should be added to the judgment in their favor.[2]

## II.    PROCEDURAL HISTORY

This action involved extensive motion practice and discovery due to the legal theories and number of claims in the case and the long period of time during which the relevant facts occurred.  Declaration of Erik F. Stidham ("Stidham Decl."), ¶ 2.  On top of what was already a complex dispute, Defendants mounted a vigorous defense, at times employing questionable

---

[1] Pursuant to Dist. Local R. 54.1, Plaintiffs seek their costs through a separately submitted Bill of Costs and supporting declaration.

[2] Edmark and Chalfant intend to apportion an award of attorneys' fees between the two entities pursuant to a separate agreement.  Therefore, they request one award of attorneys' fees and costs, which will assist in the efficient adjudication of this Motion.  The award is requested against both Defendants because the Court pierced the corporate veil, and the judgment is against both Defendants together.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS -1**

tactics that required Plaintiffs to expend numerous hours of attorney time to overcome. *Id.* For instance, Defendants were not forthcoming regarding the specific Zurich entity involved in the underlying transactions and activities, the contractual relationships between Universal and Zurich, and repeatedly refused to be precise regarding the flow of funds and respective financial benefits obtained by Zurich and Universal. *Id.* These were factors which led to the Court's alter ego finding at trial. *Id.* And discovery was protracted due to Defendants' conduct that led to multiple motions to compel. *Id.* Further, the trial date was reset a few times, once approximately one month before the scheduled trial date, resulting in an increase in the amount of attorneys' fees incurred. *Id.*, ¶ 13.

A.    **Universal Removed Case and Unsuccessfully Sought to Compel Arbitration.**

Universal removed the action to federal court and filed a motion to stay the case and compel arbitration about two months later. Dkt. 1; Dkt. 11. This case was initially assigned to The Honorable Edward J. Lodge. On September 6, 2016, the court denied Universal's motion to stay the case and compel arbitration. Dkt. 37.

B.    **Discovery Was Intensive Due To The Nature Of The Case And Defendants' Conduct.**

After the Court denied Universal's motion to stay and compel arbitration, the parties resumed discovery. Stidham Decl., ¶ 5. One of the primary questions Plaintiffs needed answered was the identity of the Zurich entity that was apparently participating in the management of the finance and insurance product relationship between Universal and Plaintiffs. *Id.* Universal refused to disclose Zurich American Insurance Company's identity, although initial disclosures had required it and Chalfant's written discovery requests had asked for it. *Id.* It was not until January 10, 2017, when Plaintiffs' counsel took the Rule 30(b)(6) deposition of Universal that Universal finally disclosed Zurich American Insurance Company as the entity that

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS -2**

serviced the finance and insurance product relationships with auto dealers, including Edmark and Chalfant.  *Id.*  Universal also disclosed in the Rule 30(b)(6) deposition that a service agreement existed between Universal and Zurich, but Universal refused to produce the agreement for a month after the deposition, even though the Universal Rule 30(b)(6) notice had requested agreements between Universal and Zurich relating to the vehicle service contract relationship with Edmark and Chalfant.  *Id.*  Universal refused to produce the service agreement until Plaintiffs' counsel threatened to move to compel.  *Id.*

While discovery in complex commercial litigation like this case is always a lot of work, this case required additional time to deal with the evasive maneuvering of Defendants.  *Id.*, ¶ 6. For instance, once Zurich was joined as a defendant, it refused to provide initial disclosures until orally ordered to do so by the court.  *See* Dkt. 65-19; Stidham Decl., ¶ 6.  Zurich moved for a protective order from a Rule 30(b)(6) deposition on the basis Universal had already been deposed under Rule 30(b)(6).  Dkt. 58-1; Stidham Decl., ¶ 6.  After briefing and hearing, the court ordered Zurich to submit to the deposition.  Dkts. 58 through 61, 63 through 65-21, and 73; Stidham Decl., ¶ 6.

Defendants produced 9,721 documents, which Plaintiffs' counsel reviewed.  Stidham Decl., ¶ 7.  As the Court is aware from the trial, many of the documents produced by Defendants, and particularly with regard to emails, were produced in unusual and difficult to use format.  *Id.*; e.g., Trial Ex. 629/Depo. Ex. 54 (Dkt. 111-2, filed under seal).  This issue slowed down document review and made document management less efficient.  *Id.*, ¶ 7.  Several motions to compel were required to obtain the financial information reflecting how the funds Dealers remitted to Universal and Zurich and commingled with general revenue and other related entities' revenue had been invested.  Dkts. 95-97, 103 through 103-12, 113, 151 through 151-6,

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS -3**

155 through 156-1, 158 through 158-4, 160 through 165-2, 188 through 191-1, 194, 195, 197, 198, 201; Stidham Decl., ¶ 8.  The information eventually produced on the orders granting Plaintiffs' motions to compel (Dkts. 134, 169, 207) related to issues of liability and damages and was required to complete expert discovery.  Stidham Decl., ¶ 8.

In response to onerous discovery requests from Defendants, Plaintiffs and their counsel were required to engage in extensive document collection efforts totaling 350,518 documents. *Id.*, ¶ 9.  These documents then required review for privilege and responsiveness.  *Id.* Ultimately, Plaintiffs produced a total of 5,467 responsive, non-privileged documents.  *Id.*  The few questions Defendants' counsel raised about Plaintiffs' productions were resolved informally, without involving the court.  *Id.*

Given the claims, counterclaims, and defenses asserted in this case, Plaintiffs' counsel took twelve (12) depositions and defended nine (9) depositions.  *Id.*, ¶ 10.

## C.    There Was Significant Motion Practice.

Aside from the motions to compel, there was significant complex motion practice in this case.  *Id.*, ¶ 11.  For instance, Defendants filed a motion for partial summary judgment on July 20, 2017, seeking dismissal of Plaintiffs' claims for breach of contract, unjust enrichment, breach of fiduciary duty, and fraud.  Dkt 70; Stidham Decl., ¶ 11.  Briefing was extensive.  Stidham Decl., ¶ 11.  Defendants' filings related to the motion for partial summary judgment totaled 591 pages, and Plaintiffs' filings totaled 757 pages.  *Id.*  Defendants' filings were Dkts. 70 through 70-17, 72 through 72-12, 104 through 107, 121, and 125; Stidham Decl., ¶ 11.  Plaintiffs' filings were Dkts. 81 through 81-3, 87 through 91-24, 116, and 124; Stidham Decl., ¶ 11.  After full briefing and hearing, Plaintiffs prevailed on this motion in full.  Dkts. 134, 145; Stidham Decl., ¶ 11.  Plaintiffs also successfully moved to amend to allege punitive damages.  Dkts. 134, 145; Stidham Decl., ¶ 11.  Filings related to this motion were Dkts. 110 through 112-15, 120 through

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS -4**

120-4, 128; Stidham Decl., ¶ 11.  To date, there are 324 docket entries in this case, which does

not account for sub-entries (e.g. 111-1, 111-2, etc.).  Stidham Decl., ¶ 11.

### D.     Trial Had To Be Reset More Than Once.

Trial dates had to be reset a few times.  *See* Dkts. 10, 38, 55, 168, 183.  At one point, the

trial was set to begin October 31, 2018.  On August 2, 2018, trial was reset to begin November

27, 2018 because one of Plaintiffs' experts, Dennis Reinstein, was unavailable for the first few

days of trial, and Defendants would not agree to him testifying out of order (during Defendants'

case).  Dkt. 183; Stidham Decl., ¶ 13.  Due to court scheduling issues, the trial had to be reset a

final time.  Stidham Decl., ¶ 13.  On October 31, 2018, less than a month before trial, the parties

were notified the trial had been vacated.  *Id.*  Because of the timing of that notice, the trial team

and key witnesses had already put significant time into trial preparation.  *Id.*  The case was

subsequently reassigned and trial reset for June 7, 2019.  *Id.*  The jury rendered its unanimous

verdict in favor of Plaintiffs on June 21, 2019.  *See* Dkts. 321, 322, 323.

### E.     Out-Of-Court Resolution Was Attempted At Various Points In The Case.

The parties were required to engage in mediation, which took place on July 25, 2017.

*Id.*, ¶ 12.  Mediation was unsuccessful.  *Id.*

In late January 2019, Defendants made a $600,000 offer of judgment inclusive of

attorneys' fees, interest, and costs.  *Id.*  This amount was over a million dollars less than the

attorneys' fees that Plaintiffs had incurred at that point.  *Id.*

### F.     Plaintiffs Prevailed.

Plaintiffs unquestionably prevailed in this case.  At trial, following Plaintiffs' case in

chief, the Court found the contracts at issue were enforceable, determining not to instruct on

either sides' unjust enrichment claims pleaded in the alternative to the contract claims.  Dkt. 310.

The jury found for Plaintiffs on every other claim: Edmark's breach of contract claim against

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES
AND COSTS -5**

Universal, Chalfant's breach of contract claim against Universal, Edmark's breach of fiduciary

duty claim against Universal and Zurich, Chalfant's breach of fiduciary duty claim against

Universal and Zurich, Edmark's fraud claim against Universal and Zurich, Chalfant's fraud

claim against Universal and Zurich, Edmark's fraud in the inducement claim against Universal

and Zurich, Chalfant's fraud in the inducement claim against Universal and Zurich, Edmark's

unfair business practices claim under the Idaho Consumer Protection Act against Universal and

Zurich, and Chalfant's unfair business practices claim under the Idaho Consumer Protection Act

against Universal and Zurich.  Dkts. 321, 322, 323.  The court granted in part Plaintiffs' motion

to dismiss under F.R.C.P. 50(a) against Universal's counterclaim seeking monies Universal

contended were owing from a separate legal entity not named in the suit.  Dkt. 311.  The jury

found for Edmark and Chalfant on the remaining part of Universal's counterclaim.  Dkt. 321.

The jury also awarded punitive damages against Defendants in both Plaintiffs' favor.  Dkt. 323.

The judgment in Edmark's favor is $6,500,000.00.  The judgment in Chalfant's favor is

$4,500,000.00.  Dkt. 324.

### III.    PLAINTIFFS ARE ENTITLED TO RECOVER THEIR REASONABLE ATTORNEYS' FEES.

#### A.    Two Independent Statutory Bases Entitle Plaintiffs To An Award Of Reasonable Fees: Idaho Code §§ 12-120(3) and 48-608.

As a threshold matter, Idaho law governs the award of attorneys' fees in this diversity

action, as a matter of substantive law.  *See Wheaton Equip. Co. v. Franmar, Inc.*, No. CV-03-

220-S-BLW, 2007 WL 576450 at *1 (D. Idaho Feb. 21, 2007) (citing *Interform Co. v. Mitchell*,

575 F.2d 1270 (9th Cir. 1978) (applying Idaho law)).

Two applicable Idaho statutes independently mandate an award of reasonable attorneys'

fees to Plaintiffs.  First, Idaho Code § 12-120(3) provides in relevant part that "a reasonable

attorney fee" "shall" be awarded to the prevailing party in "any civil action to recover . . . in any

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS -6**

commercial transaction[.]"  *Id.*; *see also Clement v. Franklin Inv. Grp., Ltd.*, 689 F. Supp. 1575, 1577 (D. Idaho 1988) ("The Idaho Supreme Court has made it clear that Idaho Code § 12-120 is mandatory in nature.").

Second, Idaho Code § 48-608(5) (Idaho Consumer Protection Act) requires an award of reasonable attorneys' fees to the prevailing plaintiff:  "In any action brought by a person under this section, the court shall award, in addition to the relief provided in this section, reasonable attorney's fees to the plaintiff if he prevails."  *Id.*

**B.  Plaintiffs' Claims Fall Within Both Statutes.**

**1.  This Action Arises From A Commercial Transaction Under Idaho Code § 12-120(3).**

A "commercial transaction" is broadly defined to include "all transactions except transactions for personal or household purposes."  *Id.*

The critical test to determine whether a prevailing party could avail itself of § 12-120(3) "is whether the commercial transaction comprises the gravamen of the lawsuit."  *Great Plains Equip., Inc.* v. *Nw. Pipeline Corp.*, 36 P.3d 218, 223 (Idaho 2001).  In other words, "the commercial transaction must be integral to the claim and constitute a basis on which the party is attempting to recover."  *Id.*; *see also Lettunich* v. *Key Bank Nat'l Ass'n*, 109 P.3d 1104, 1110 (Idaho 2005); *Brooks* v. *Gigray Ranches*, 910 P.2d 744 (Idaho 1996).  Contract and tort claims can form an action arising from a commercial transaction.  *See, e.g.*, *Brooks*, 910 P.2d at 751 (recognizing an award of attorneys' fees is appropriate under Idaho Code § 12-120(3) in case involving contract and tort claims); *Fritts* v. *Liddle & Moeller Constr., Inc.*, 158 P.3d 947, 951 (Idaho 2007) (upholding award of attorneys' fees under Idaho Code § 12-120(3) in case involving contract, tort, and statutory claims); *Erickson* v. *Flynn*, 64 P.3d 959, 966-67 (Idaho Ct. App. 2002) ("[W]here the quasi-contract claim is based upon the same facts and circumstances

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS -7**

as the breach of contract claim, and the alleged transaction is commercial in nature, the

prevailing party is entitled to recover attorney fees under I.C. § 12-120(3).").

A lawsuit based on contract claims meets this standard.  *See id.*  Claims for breach of

fiduciary duty and claims based on theories of fraud do as well, so long as they arise from

transactions not made for personal or household purposes.  *See, e.g.*, *Prehn v. Hodge*, 385 P.3d

876, 886 (Idaho 2016) (gravamen of lawsuit for breach of fiduciary duty was commercial

transaction); *In re Haun*, 396 B.R. 522, 530 (D. Idaho 2008) (fraud-based nondischargeability

claim was commercial transaction within meaning of Section 12-120(3)).

The gravamen of Plaintiffs' complaint is a commercial transaction.  They brought claims

for breach of contract, on the basis of the No Chargeback Agreements providing Universal

would set up and manage accounts on their behalf for the purpose of covering the future liability

for chargebacks on vehicle service contracts that were cancelled over 90 days into their term.

The accounts were to be funded by payments made by Plaintiffs on each Universal vehicle

service contract they sold.  Plaintiffs also brought claims for breach of fiduciary duty on the

basis of the actions and inactions Universal and Zurich took with respect to the funds Plaintiffs

entrusted to them for the No Chargeback Program.  Plaintiffs brought fraud and unfair business

practice claims arising from the representations and omissions from Universal and Zurich related

to the No Chargeback Program, intended to keep Plaintiffs selling Universal's vehicle service

contracts and other finance and insurance products.

These claims fit squarely within well-established Idaho "commercial transaction"

precedent.  *See, e.g.*, *Erickson*, 64 P.3d at 966-67 (breach of contract and quasi contract claims

arose from commercial transaction); *Prehn*, 385 P.3d at 886 (gravamen of lawsuit for breach of

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES
AND COSTS -8**

fiduciary duty was commercial transaction); *In re Haun*, 396 B.R. at 530 (fraud-based nondischargeability claim arose from commercial transaction).

To be sure, Defendants agree with this position because in each Answer and Counterclaim asserted, Defendants sought recovery of their own fees under Idaho Code § 12-120(3). *See* Dkts. 5, 56, 148.

### 2. Plaintiffs Brought Claims Under Idaho Code § 48-608.

Plaintiffs each alleged and prevailed on claims under Idaho Code § 48-608, establishing a second and independent basis for an award of fees. Dkt. 147 (Second Amended Complaint); Dkt. 321 (First Special Verdict). Under the plain language of that statute, they are entitled to reasonable attorneys' fees upon the finding they are prevailing parties. *See* Idaho Code § 48-608(5) ("In any action brought by a person under this section, the court shall award, in addition to the relief provided in this section, reasonable attorney's fees to the plaintiff if he prevails.").

### C. Plaintiffs Are The Prevailing Parties Under Both Statutes.

Plaintiffs clearly prevailed. The Court is to "determine which party, on balance, prevailed in the action." *Burns* v. *Cnty. of Boundary*, 818 P.2d 327, 330 (Idaho Ct. App. 1990). The Court is to consider "three principal factors" in its determination which litigant is the prevailing party: (1) the final judgment or result obtained in relation to the relief sought; (2) whether there were multiple claims or issues between the parties; and (3) the extent to which each of the parties prevailed on each of the claims or issues." *Wheaton Equip. Co. v. Franmar, Inc.*, No. CV-03-220-S-BLW, 2007 WL 576450, at *1 (D. Idaho Feb. 21, 2007).

Plaintiffs are the prevailing parties because they succeeded on all seven causes of action (except unjust enrichment pled in the alternative to their contract claims), obtained punitive damages, and defeated Universal's counterclaim. And the jury found for Plaintiffs on Universal's remaining counterclaim. Plaintiffs received the judgment they set out to obtain.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS -9**

**D.     As Prevailing Parties, Plaintiffs Are Entitled To Fees From The Entire Civil Action.**

The award of attorneys' fees is mandatory under both statutes.  "A court *must* award attorney fees to the prevailing party in an action to recover on a 'commercial transaction.'" *Troupis* v. *Summer*, 218 P.3d 1138, 1142 (Idaho 2009) (emphasis in original) (internal citations and quotations omitted); *see* Idaho Code § 48-608(5) ("In any action brought by a person under this section, the court *shall* award, in addition to the relief provided in this section, reasonable attorney's fees to the plaintiff if he prevails.") (emphasis added).

Under both statutes, attorneys' fees are to be given to the prevailing party for the entire "civil action." *Saint Alphonsus Diversified Care, Inc. v. MRI Assocs., LLP*, 224 P.3d 1068, 1090 (Idaho 2009); *see also Nalen v. Jenkins*, 741 P.2d 366 (Idaho Ct. App. 1987) (when plaintiff awarded attorneys' fees under Idaho Code § 48-608, it was error for court to solely award fees for the Consumer Protection Act theory).  Further, the court may not "excise fees relating to each skirmish that may have been lost during the litigation by the party who ultimately prevailed in the case." *Record Steel & Constr., Inc. v. Martel Constr., Inc.*, 923 P.2d 995, 1000 (Idaho Ct. App. 1996).

This controlling principle of awarding fees for the entire civil action exists because "under modern pleading practice, a plaintiff may advance alternative theories relating to an alleged set of facts.  A trial court should not view each theory as an isolated part of the case, framed by its own encapsulated facts. Several theories may draw upon a common core of facts." *Assocs. Nw., Inc. v. Beets*, 733 P.2d 824, 826 (Idaho Ct. App. 1987) (internal citations omitted).

## IV.   PLAINTIFFS' REQUESTED ATTORNEYS' FEES ARE REASONABLE.

Plaintiffs seek reasonable attorneys' fees that were actually incurred and paid, with some voluntary discounts noted in their moving papers and with the reservation of the right to seek further fees for this Motion and other post-trial briefing that may occur.

An analysis of a reasonable fee begins with the "lodestar."  The lodestar is the presumptively reasonable fee, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Winn v. Amerititle, Inc.*, No. 1:10-cv-016-BLW, 2010 WL 4904676, at *2 (D. Idaho Nov. 24, 2010) (applying lodestar in Idaho Code § 12-120(3) fee analysis).

Where, as here, "a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."  *Velasco v. Broadway Arctic Circle, LLC*, 2012 WL 5921167, at *7 (D. Idaho Nov. 26, 2012); *see also Bright Harvest Sweet Potato Co., Inc. v. H.J. Heinz Co., L.P.*, No. 1:13-cv-00296-BLW, 2017 WL 1042063, at *3 (D. Idaho Mar. 17, 2017) (comparing settlement offers to determine results obtained justified amount of fees requested).  Plaintiffs obtained all the relief they sought.  All settlement offers made by Defendants were less than the amount of attorneys' fees incurred by Plaintiffs at the time offer was made.  Defendants made a $600,000 offer of judgment before trial, inclusive of attorneys' fees, interest, and costs.  This amount was over a million dollars less than the attorneys' fees that Plaintiffs had incurred at that point.

Further, it should be noted Plaintiffs seek an award of attorneys' fees that equals a small fraction of the amount of the judgment, only 18%.  This is reasonable.  *See, e.g.*, *Bright Harvest Sweet Potato Co., Inc.*, 2017 WL 1042063, at *3 (awarding $781,025.00 in attorneys' fees on a $1.2 million judgment (65%) in breach of contract case); *Sparks v. Allstate Med. Equip., Inc.*, No. 1:14-cv-00166-EJL-CWD, 2016 WL 11398120, at *1, 8 (D. Idaho Aug. 11, 2016) (recommending award of $27,265.85 in attorneys' fees on $110,000.00 judgment (25%) in

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS -11**

breach of contract case), *recommendation adopted* 2016 WL 5661758 (D. Idaho Sept. 29, 2016).

Indeed, a fee award that exceeds the amount of the judgment can be reasonable. *See, e.g.*,

*Kayser*, 875 F. Supp. 2d at 1172, 1198 (awarding $128,705.00 in attorneys' fees on a $23,000.00

judgment in breach of contract and tort case including punitive damages); *Hounshel v. Battelle*

*Energy All., LLC*, No. 4:11-CV-00635-BLW, 2014 WL 4182680, at *4 (D. Idaho Aug. 21, 2014)

($201,829.00 in attorneys' fees on $99,944.10 judgment including punitive damages); *Velasco*,

2012 WL 5921167, at *10 (awarding $59,497.50 in attorneys' fees on a $58,977.00 judgment).

### A.   Time Spent Was Reasonable.

Plaintiffs' counsel's time spent prosecuting this case was reasonable, and the discounted

time for which Plaintiffs seek recovery of attorneys' fees is even more so.  "[C]ourts typically

defer to the winning lawyer's professional judgment as to how much time was required."

*Animal Legal Def. Fund v. Otter*, No. 14-cv-00104-BLW, 2016 WL 2910266, at *3 (D. Idaho

May 18, 2016); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)

("By and large, the court should defer to the winning lawyer's professional judgment as to how

much time he was required to spend on the case; after all, he won, and might not have, had he

been more of a slacker.").  Complexity of the case influences the amount of time reasonably

spent in the prosecution of the lawsuit.  *See Bright Harvest Sweet Potato Co., Inc.*, 2017 WL

1042063, at *3 (reasoning the case was "complicated by the language of the contract").  The

court also properly considers the opposing parties' tactics and their impact on the time

reasonably expended by the prevailing party.  *See Kayser v. McClary*, 875 F. Supp. 2d 1167,

1197 (D. Idaho 2012) ("[I]t is obvious that a considerable amount of the [plaintiffs'] time and

related expense correlated to [defendant's] extensive defense tactics[.]").

Plaintiffs' time is reasonable.  This case was complex, involving seven causes of action

and three measures of damages alleged by two plaintiffs and three causes of action alleged by

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**
**AND COSTS -12**

Universal in its counterclaim.  Further, the ambiguity of the contracts at issue was established at summary judgment and the outflow of complexity demonstrated at trial.  *See Bright Harvest Sweet Potato Co., Inc.*, 2017 WL 1042063, at *3 (reasoning the case was "complicated by the language of the contract").  As described above, motion practice and discovery were extensive. The jury issues at trial were determined in three special verdicts, where the first special verdict form alone contained twenty-one (21) questions.  Dkts. 321, 322, 323.  Further, Defendants caused a significant increase in the time Plaintiffs' counsel spent on the case through Defendants' litigation conduct, which formed a material part of the Court's basis for its alter ego finding.  *See Kayser*, 875 F. Supp. 2d at 1197 (holding time spent reasonable where opposing party's defense tactics caused increased time spent by prevailing party).  Finally, Plaintiffs were forced to establish their case through Defendants' witnesses and documents; this increased the cost of the litigation.

###### B.    The Hourly Rates Are Reasonable.

"To determine whether an hourly rate is reasonable, the district court looks to hourly rates prevailing in the relevant legal community for similar work performed by attorneys of comparable skill, experience, and reputation."  *Huntsinger v. Idaho State Univ.*, No. 14-CV-00237-BLW, 2016 WL 355473, at *2 (D. Idaho Jan. 28, 2016) (citing *Ingram v. Oroudijian*, 647 F.3d 925, 928 (9th Cir. 2011)).  The relevant community is Boise, Idaho, where the Court sits. *Lakeview Cheese Co., LLC v. Nelson-Ricks Creamery Co.*, No. 4:13-cv-00361-BLW, 2015 WL 769960, at *1 (D. Idaho Feb. 23, 2015).

The rates charged to Plaintiffs and paid by Plaintiffs in this case, as set forth in the declaration of Erik F. Stidham, are reasonable.  *See* Stidham Decl., ¶¶ 15-29, 31, 35; Declaration of Howard A. Belodoff; Declaration of Richard Boardman; Declaration of Alexander P. McLaughlin.  Courts in the District of Idaho have approved Holland & Hart's rates and rates

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS -13**

consistent with them, for other regional firms with attorneys practicing in Boise. *See, e.g.*, *Lakeview Cheese Co., LLC*, 2015 WL 769960, at *1 (finding Holland & Hart's rates reasonable); *Hardenbrook v. United Parcel Service Co.*, Case No. 1:07-CV-00509-EJL-CWD, 2014 WL 524048, at *9 (D. Idaho Feb. 7, 2014) (same); *LaPeter v. Canada Life Ins. Co.*, No. CV06-121-S-BLW, 2009 WL 1313336, at *3 (D. Idaho May 11, 2009) (same); *LaPeter v. Canada Life Ins. Co.*, No. CV06-121-S-BLW, 2007 WL 4287489, at *2 (D. Idaho Dec. 4, 2007); *Sparks v. Allstate Med. Equip., Inc.*, No. 1:14-cv-00166-EJL-CWD, 2016 WL 11398120, at *1, 8 (D. Idaho Aug. 11, 2016) (approving Boise-based Perkins Coie attorney rates), *recommendation adopted* 2016 WL 5661758 (D. Idaho Sept. 29, 2016).[3]

### C. The Reasonableness Of The Requested Fees Is Further Supported By Voluntary Discounts To Fees And The Fee Request.

There are three categories of attorney and paralegal fees Plaintiffs are not pursuing in this Motion, which total $225,252.50. First, Plaintiffs' counsel spent time on this case which the firm chose not to bill. Stidham Decl., ¶ 32. Plaintiffs' counsel did not bill Plaintiffs for attorney and paralegal time spent totaling $108,323.00, and Plaintiffs are not pursuing that amount in this Motion. *Id.*

Second, Plaintiffs do not seek in this Motion fees actually incurred, listed on the bill to Plaintiffs, but written off by Plaintiffs' counsel. *Id.* The amount of these write-offs is $102,405.50. *Id.*, ¶ 32, Ex. B.

---

[3] Time expended multiplied by reasonable hourly rates results in the lodestar, which is presumptively reasonable. *Winn*, 2010 WL 4904676, at *2. Deviation from the lodestar may be appropriate in some cases, in which case additional factors may be relevant. *See Bright Harvest Sweet Potato Co., Inc.*, 2017 WL 1042063, at *3 (listing *Kerr* factors). Here Plaintiffs do not seek a deviation from the lodestar amount. And to the extent analysis of these factors are not subsumed in the lodestar analysis above, many are irrelevant (e.g. undesirability of the case, time limitations imposed by the client, fixed or contingent fee, etc.). *See id.*

Third, Plaintiffs are not seeking reimbursement of fees paid by Plaintiffs for certain timekeepers who were involved for a limited number of hours due to their particular expertise or because the primary attorneys were not available at the time to perform the tasks needed.  *Id.*, ¶¶ 33-34.  Plaintiffs decline to pursue reimbursement for these fees in order to avoid debate regarding whether the work performed was less efficient because these timekeepers were less integrated into the litigation.  *Id.*  The fees in this third category total $14,524.00.  *Id.*

## V.      CONCLUSION

Based on the foregoing, Plaintiffs' request an order awarding reasonable attorneys' fees totaling $1,999,771.50.

DATED this 24th day of July, 2019.

HOLLAND & HART LLP

By:   */s/ Erik F. Stidham*
      Erik F. Stidham, of the firm
      A. Dean Bennett
      Jennifer M. Jensen
      Attorneys for Plaintiffs

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS -15**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of July, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Richard H. Greener | rgreener@parsonsbehle.com |
| Christopher Burke | cburke@parsonsbehle.com |
| Slade Sokol | ssokol@parsonsbehle.com |
| Parsons Behle & Latimer | |
| 800 W. Main Street, Ste. 1300 | |
| Boise, ID  83702 | |
| Telephone: (208) 562-4900 | |
| Facsimile: (208) 562-4901 | |

John R. Lund (Admitted *Pro Hac Vice*)          jlund@parsonsbehle.com
Parsons Behle & Latimer
201 S. Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 536-6872
Facsimile: (801) 536-6111

*/s/ Erik F. Stidham*  _____
Erik F. Stidham for HOLLAND & HART LLP

13235118_v4

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS -16**